IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONICA WOODS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-5622 |
| | : | |
| CACH, LLC | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                                                     **February 1, 2023**

      Pro se Plaintiff Monica Woods filed this suit under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"), claiming Defendant CACH, LLC ("CACH") misrepresented the amount owed on a debt and collected payment using false statements. CACH now moves for judgment on the pleadings, arguing Woods' suit is time-barred under the FDCPA's one-year statute of limitations. Because Woods filed suit a decade after the alleged violation and no extraordinary circumstances prevented her from doing so, the motion will be granted and the case will be dismissed.

**FACTS**

      In May 2009, Woods had a Bank of America credit card account with a balance of $4,399.31. Pl.'s Exs. 4[1], ECF No. 10. By June 16, 2009, the account had been closed at Woods' request. *Id.* at 9. Woods believed the debt was "charged off." Am. Compl. 3, ECF No. 3; Show Cause Mem. 1, ECF No. 13. On January 20, 2010, when Bank of America sold the debt to CACH, Woods owed $5,680.21. Show Cause Mem. Ex. B 16-17, ECF No. 13.

---

[1] Citations to Woods' filings use the ECF pagination.

In April 2011, CACH filed a lawsuit against Woods in the Philadelphia County Court of Common Pleas for the debt, interest, court costs, and attorney's fees. *Id.* at 14. At the time, Woods lived in North Carolina. *Id.* at Ex. A 4-5. Because CACH served Woods with both the complaint and the notice of default at an address in Philadelphia, she never received notice of either. *Id.* at 1. CACH also never contacted Woods via phone or mail to resolve the debt. *Id.* Instead, Woods discovered the judgment when she was purchasing a home in July 2019. Am. Compl. 6, ECF No. 3. The situation caused Woods a great deal of distress, as she had to resolve the debt in three days to close on the home. *Id.*

Woods filed this lawsuit on December 22, 2021 and CACH filed its Answer on June 14, 2022. Woods filed Exhibits supporting the factual basis for her claim, including an affidavit of service from the Court of Common Pleas, her May 2011 credit card statement, and copies of her North Carolina Driver's Licenses, on July 6, 2022. CACH then filed this Motion for Judgment on the Pleadings on July 7, 2022, and this Court ordered Woods to show cause why the case should not be dismissed as time-barred on December 29, 2022. Woods filed a Memorandum in response on January 9, 2023.

**DISCUSSION**

Under the FDCPA, "[a]n action to enforce any liability . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) ("[A]bsent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not on the date on which the violation is discovered."). The underlying judgment which CACH enforced was entered on June 22, 2011. Mot. J. Pleadings Ex. A 4, ECF No. 11-2. The

statute of limitations therefore expired on June 22, 2012. Because Woods did not file her claim until December 22, 2021, it is untimely.

However, a court may apply equitable tolling and "rescue a claim otherwise barred as untimely . . . when a plaintiff . . . has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 749-50 (3d Cir. 2020) (internal quotation marks and citation omitted). To be eligible for equitable tolling, a plaintiff must show "(1) that [s]he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Id.* at 752 (quotation marks and citation omitted). There are three "extraordinary circumstances" where equitable tolling may apply:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting . . . her rights; or (3) where the plaintiff has timely asserted . . . her rights mistakenly in the wrong forum.

*Id.* at 750 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994) (abrogated on other grounds)). Additionally, a plaintiff must show the extraordinary circumstances were "beyond [her] control." *Id.* at 752 (quoting *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct 750, 756 (2016).

Because she did not receive notice of the suit or of the judgment against her, Woods was unaware of the debt until she purchased a home in July 2019. But this ignorance is not one of the three extraordinary circumstances that justifies equitable tolling. Woods does not claim that CACH misled her as to her cause of action, or that she was prevented from asserting her rights, or that she mistakenly filed a lawsuit in another court. Even if Woods merited equitable tolling, nearly two and a half years passed between CACH's enforcement of the judgment in July 2019 and Woods filing this lawsuit in December 2021. Because Woods has not shown she pursued her rights

3

diligently or was prevented from filing, the Court finds she is not entitled to equitable tolling and her claim is barred. The motion for judgment on the pleadings is therefore granted and this case will be closed.

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.